Argued January 16; affirmed February 4; rehearing denied
March 3, 1936

# MANEFF *v.* LAMER
### (54 P. (2d) 287)

*Harry G. Hoy* and *Arthur E. Prag,* both of Portland (Hoy & Doxey, of Portland, on the brief), for appellant.

*Frank S. Senn,* of Portland (Senn & Recken, of Portland, on the brief), for respondent.

CAMPBELL, C. J. This is an action for personal injuries arising out of a collision of an automobile with a pedestrian.

Plaintiff was walking northerly on Third avenue in Portland and across its intersection with Salmon street when he was hit by an automobile driven by defendant. Defendant was driving his automobile northerly on Third avenue, and as he turned his machine westerly into Salmon street he collided with plaintiff. The case was tried to a jury resulting in a verdict and judgment for defendant. Plaintiff appeals.

The first assignment of error is based on the ruling of the court in sustaining an objection to a hypothetical question propounded to a medical expert on direct examination regarding the permanency of the injuries sustained by plaintiff.

The expert, sometime before the trial, had examined plaintiff. He testified that he had seen the defendant five or six times, made a very thorough examination of him, and also an X-ray picture of his skull and that the X-ray showed a fracture, and that from the history of the injury, and his examination, he would say plaintiff was permanently injured; that he found no objective symptoms of the injury on plaintiff's person. He was then asked: "* * * is the injury in such a case a permanent injury or otherwise?" This question was

based on a hypothesis which did not include the fact of his examination or the knowledge that he gained therefrom, nor his examination of the X-ray picture. This question was objected to and the objection sustained.

No offer of proof was made and we might rest our decision on that point, but even if the expert testimony should be favorable to the plaintiff he already had the expert's opinion on all the matters covered by the hypothetical question.

It is alleged in the complaint that plaintiff, " *   *   * in a careful and cautious manner was lawfully walking in the regular and usual pedestrian lane and crosswalk". Defendant denied this allegation and alleged affirmatively that plaintiff did not cross the street in the usual and regular pedestrian lane, but crossed said street other than at a regular pedestrian lane.

■ It is unnecessary to cite authority to support the principle that where there is any substantial evidence in support of any material issue in the cause that issue should be submitted to the jury.

The plaintiff testified:

"Q. Where were you walking with reference to the sidewalks on the north and south side of Salmon Street as you were crossing Salmon Street; I mean the sidewalks along Third Street, the corners, where were you walking, just tell the jury?

A. I was walking to Third and Salmon Street, walking to north.

Q. Were you going directly north?

A. Yes, directly north.

Q. Were you crossing from one corner to the other, from one sidewalk to the other?

A. From one corner to the other, started to.

\*      \*      \*      \*      \*

Q. And what is the fact as to whether or not you were in the unmarked crosswalk in making that cross-

ing at the end of the block, in what we call the pedestrian lane from one end of the sidewalk to the other end?

A. Well, I was just walking straight, walking across to the other street, walking to north.

Q. And intending to proceed along Third Street, as I understand you?

A. Yes.''

The defendant testified on the same matter and there can be no misunderstanding thereto.

''Q. Now about where was he crossing in relation to the west side of the sidewalk line?

A. Well, the sidewalks, I think they are about eight feet wide, are they not, six or eight feet wide?

Q. I don't know just how wide they are.

A. But he was walking down on the west side of Third Street on the extreme side of the sidewalk to the left, he wasn't right out to the intersection on the corner.

Q. There were no marked pedestrian lines there I believe?

A. No, there were not.

Q. Could you give us any idea as to whether he was in the regular pedestrian lane, or whether he was off?

A. He wouldn't have been off, but if there had been a pedestrian lane there, I would say he would be on the extreme left of it, right walking about on the line.

Q. About on the line, walking about on the line?

A. Yes.

Q. You wouldn't say on which side of the line?

A. No, I couldn't.''

The foregoing evidence would indicate that plaintiff, at the time of crossing Salmon street, was in the regular pedestrian crosswalk. That, however, was not all the testimony on the subject. A map of the intersection of Third avenue and Southwest Salmon street, the intersection in which the accident occurred, was received in evidence without objection. The following

testimony was then given. (We assume that the witness was shown the map). The plaintiff further testified:

"Q. Now this is north, and this is south (referring to map), over here is the park block, and here, this is north, this is the park?
A. Yes.
Q. You were coming along about here?
A. Yes, right in here.
Q. And you say you stepped out about here somewhere?
A. No, right here (indicating).
Q. About how far did you get out?
A. Oh, about three steps.
Q. And then you saw the lights down here?
A. Yes, right here (indicating).
Q. Right here you saw the lights (indicating)?
A. Yes, right here I saw the lights."

There is nothing on the map nor is there any testimony showing what part of the intersection "here" is, nor is there anything to show where plaintiff "indicated" on the map. So far as this court knows, the testimony in connection with the map might show that plaintiff was entirely outside the regular pedestrian crosswalk.

■ The court instructed the jury in reference to the allegation as to who had the right of way:

"It is charged that the plaintiff did not cross at the regular pedestrian crossing, and therefore the defendant had the right of way. I called your attention to the provision of the statute which gives the automobile the right of way where the plaintiff is crossing the street at any other point other than the regular pedestrian crossing. And if in this case you find that the plaintiff was not crossing at the regular pedestrian crossing, and that he failed to yield the right of way to the defendant under those circumstances, then he would be guilty of negligence."

The plaintiff duly excepted to this instruction.

The above instruction is a correct exposition of the law, and, so far as we can determine, applicable to the facts in this case. The court submitted to the jury the question of whether plaintiff was crossing Salmon street at a regular pedestrian crossing.

Plaintiff requested the court to instruct the jury that plaintiff was entitled to a verdict in his favor and the only question for them to determine was the amount of his damages. The court refused to so instruct the jury and plaintiff took an exception.

■ The court did not err in this respect. The plaintiff could not recover merely because he was struck by defendant's car while crossing the street in a regular pedestrian crosswalk. He must show that the injury he received was caused by at least one of the alleged acts of negligence of defendant.

■ Defendant alleges in his answer that the injury to plaintiff was caused through plaintiff's carelessness and negligence in that: (1) He did not keep a proper lookout and failed to use his senses and faculties while crossing the street; (2) that he did not cross said street at a regular pedestrian crosswalk; (3) that he carelessly and negligently walked into and against the side of defendant's automobile; (4) that he was careless and negligent in not observing the traffic and in not observing defendant's automobile.

If defendant established, by a preponderance of the evidence, any one of the alleged acts of negligence, and such act, so established, contributed to the injury, plaintiff could not recover, even though defendant was also guilty of negligence. Thus, the question of contributory negligence on the part of the plaintiff should be determined by the jury, and the court rightly submitted it to the jury's consideration.

■ The law regarding the rights and duties of automobile drivers and pedestrians at intersections is clearly set out in the statute (§ 38, chapter 360, Oregon Laws 1931) as interpreted by this court when this case was first before it: *Maneff v. Lamer,* 148 Or. 455 (36 P. (2d) 336). While the statute gives the pedestrian the right of way while crossing at regular pedestrian crosswalks, and the driver of the automobile the right of way at other places, these rights must be exercised in a lawful manner, and as a reasonably careful, prudent person would exercise them.

The judgment will be affirmed. It is so ordered.

BEAN, BAILEY and RAND, JJ., concur.