Argued January 17; affirmed January 31; rehearing
denied March 7, 1939

## ABBOTT *v.* PORTLAND TRUST &
## SAVINGS BANK

(86 P. (2d) 962)

*T. Walter Gillard,* of Portland (Wm. P. Lord, of Portland, on the brief), for appellant.

*Frank S. Senn,* of Portland (Senn & Recken, of Portland, on the brief), for respondent.

BELT, J.  This is an action to recover damages for personal injuries resulting from plaintiff's hand being caught in an electric wringer.  The trial court allowed a motion for involuntary nonsuit.  From the judgment of dismissal the plaintiff appeals.

Plaintiff and her husband were employed by defendant as janitors in an apartment house in the city of

Portland. In this house were fifty-two apartments. In the basement was a big laundry room containing an electric washing machine and wringer for the use and convenience of the various tenants. Each tenant, under a fixed schedule, was alloted one and one-half hours for laundry work. One of plaintiff's duties was to see that the laundry room and its equipment were in order for the use of the tenants. It was also her duty, under her employment, to instruct new tenants in the use and operation of the washing machine and wringer.

At the time of the accident in question plaintiff was explaining to a new tenant the manner in which the electric washing machine and wringer were operated. Plaintiff testified that she told the tenant about the release lever on the wringer and that "if you get anything caught" to "hit that release". Plaintiff also said that while she was in the act of thus explaining its operation "I just put my hand up to show her the release on the wringer" and "my hand was too close and went right into the rollers." Plaintiff further testified that, from her position at the side of the washing machine, she could not see whether the rollers were in operation.

In describing the washing machine and wringer, the plaintiff thus testified:

"It was an Easy with hard rollers and it had a safety on the wringer which you would hit to release it if you got anything caught and it was connected with a drop cord from the ceiling, with a button switch, and this switch was loose. Sometimes a tenant would turn it on to wash and the machine would take on, and other times it wouldn't; and other times they would go to turn it off and sometimes it stayed running."

Plaintiff contends that the proximate cause of her injuries was a defective switch. In that respect she

charges that this switch which controlled the operation of the washing machine and wringer was so defective and worn that when it "was turned or snapped it would, on occasions, not turn off the electric power." Plaintiff also charged that:

" * * * although the previous user of said washing machine and wringer had attempted to turn off said power by using said switch, the power had not been turned off by reason of said defective switch, and as a result plaintiff's left hand was caught in between the rollers of said wringer and drawn into the same, * * *"

Much space in the brief of appellant is devoted to support the contention that the Employers' Liability Act applies to the facts in this case. We think, however, that whether such act or the common law applies is immaterial, since there is no evidence tending to show that the defective switch was the proximate cause of the accident. There is no evidence that any "previous user of the washing machine and wringer had attempted to turn off said power by using said switch." It might well be argued that the person who last used the washing machine failed to turn off the electric power. Who knows? It will not do to predicate a charge of negligence upon pure conjecture and speculation. As we view the matter, the careless and negligent manner in which plaintiff placed her hand in contact with the rollers while in operation was the proximate cause of her injuries.

We see no merit in the appeal. It follows that the judgment of dismissal is affirmed.

RAND, C. J., and BEAN and LUSK, JJ., concur.