Argued November 9, 1939; reversed January 2, 1940

# SIMPSON *v.* HILLMAN ET AL.

(97 P. (2d) 527)

Department 2.

*Robert T. Mautz,* of Portland (Wilbur, Beckett, Howell & Oppenheimer, of Portland, on the brief), for appellants.

*Leland B. Shaw,* of Portland (Robison & Shaw, of Portland, on the brief), for respondent.

BELT, J. This is on action to recover damages for personal injuries sustained in an automobile accident which occurred on N. E. 42d avenue, a paved street in the residential district of the city of Portland. Verdict and a judgment entered thereon was had for the defendants. On motion of the plaintiff, the trial court set aside the judgment and granted a new trial on the ground that error had been committed in submitting the issue of contributory negligence to the jury. From the order setting aside the judgment and granting a new trial, the defendants appeal.

■ We concur in the view of the trial court that contributory negligence was not an issue in the case. Frances Louise Simpson was only three and one-half years of age at the time of the accident and, in our opinion, it could well have been said, as a matter of law, that she was not capable of exercising judgment and discretion to avoid being injured. Defendants contend, however, that, regardless of whether error was committed in submitting to the jury the issue of contributory negligence, the court should not have disturbed the verdict since there is no substantial evidence tending to show negligence on the part of the defendants.

The defendants were charged with being negligent in the following particulars: (1) Failing to keep a proper lookout for pedestrians; (2) failing to have automobile under proper control or "do anything * * * to avoid striking the minor plaintiff who was

crossing N. E. 42nd Avenue in plain view''; (3) failure to sound horn; (4) driving at excessive rate of speed; (5) failure to stop car after striking plaintiff.

The lower court held there was no evidence to support the third and fifth specifications of negligence and, therefore, eliminated the same from consideration by the jury.

■ In considering whether there is any evidence which would support a judgment against defendants, we must view the record in the light most favorable to the plaintiff. The plaintiff is entitled to every reasonable inference which may be drawn from the evidence. It is with these fundamental principles in mind that the statement of facts will be made. No attention will be given to the conflict in the evidence.

The defendant Hal M. Hillman operated a garage and repair shop under the trade name of Hal Hillman Motors. His place of business was only a short distance from the scene of the accident. A customer brought his automobile to Hillman's shop to see if a noise or knock in the motor could not be eliminated. The owner said the knock could only be heard while the car was being operated at low speed and while turning to the left. Defendant Arthur R. Howard and Gunnar Presthus, employees of Hillman, were assigned to the task of finding the trouble. About five o'clock in the afternoon of the 22d day of May, 1936, Howard and Presthus started out to test the car. Presthus was lying on the running board and fender with the hood raised so he could listen to the sound of the motor. Howard was driving the car. Howard said that, while proceeding north on N. E. 42d avenue at a speed of 12 to 14 miles an hour, he observed no children in the street nor did he see the little Simpson girl. He stated that the raised hood did not obstruct

his vision. When about the middle of the block between N. E. Broadway and N. E. Weidler street—which intersect 42d avenue and extend in a westerly and easterly direction—Howard states that he felt "kind of like the car had run over some object" but that he did not see anything at all. However, in looking back through the rear-view mirror after feeling the "bump", he saw the little girl lying in the street. Howard stopped the car in two lengths, ran back and took the injured girl from a neighbor boy who had picked her up, and then carried her to her mother who resided near by.

No one testified to having seen the accident and it is well, at this juncture, to have a clear conception of the locus in quo in order to appreciate the evidence relative to the chrage of negligence.

Mrs. Simpson testified that, en route to her home shortly before the accident, she left her little girl at the Miller residence where she might play with some children. The Miller residence is located on the S. E. corner of the block between Weidler street and Broadway and faces 42d avenue. The Miller yard, which is about three or four feet above the level of the street, extends north to a garage driveway in about the middle of the block. Opposite the driveway and on the east side of the street, an automobile was parked facing north. Almost directly across the street was another parked automobile, facing south. The accident occurred at a point approximately opposite the Miller driveway and a few feet north of the parked car on the east side of the street. Forty-second avenue is a paved street 24 feet in width from curb to curb. There is a parking strip seven and one-half feet in width on each side thereof, and also a concrete sidewalk six feet wide.

Mrs. Annie K. Duncan, who lives on the west side of 42d avenue, about opposite Weidler street, testified that while standing on her driveway "close to the sidewalk," she observed the Studebaker car in question proceeding north on 42d avenue at a slow rate of speed. This point of observation was about 142 feet south of the place of the accident. She said the hood of the car was "up stationary" and the man on the running board was "listening to what was wrong". As to the driver of the automobile, the defendant Howard, the witness testified, "Well, he sat in the driver's seat, of course, driving, and he had his elbow on the doorway and his head was outside, or practically so, talking to the man on the board." Mrs. Duncan also testified that immediately after this car passed she observed the little Simpson girl "crossing the brow of the Miller yard." The witness traced the course of the child from a point in the Miller yard to the south line of the Miller driveway, a distance of approximately 40 feet. She said the child was walking and that after she reached the driveway and started to descend the bank no further attention was paid to her. It was the testimony of Mrs. Duncan that, according to its written opinion on motion for new trial, caused the trial court to submit to the jury the charge of negligence against defendants.

 Certainly there is no evidence tending to show that Howard was driving the car at an unreasonable speed. Is there any evidence tending to show that he failed to exercise ordinary care in keeping a proper lookout for pedestrians? It is observed that the accident did not occur in a pedestrian lane but in the middle of the block where the automobile had the right of way: § 55-2314 (subsection (c)), Oregon Code Supplement 1935; *Maneff v. Lamer*, 152 Or. 619, 54 P. (2d) 287. Of

course the above statutory rule in reference to right of way did not relieve the driver of the duty to exercise reasonable care to avoid injuring any pedestrian who saw fit to cross the street at some place other than a pedestrian lane. We advert to the statutory rule, however, to show that the defendant Howard, in the absence of notice to the contrary, could not reasonably be expected to anticipate that an unaccompanied child of tender age would, at such place, cross the street in front of a parked car and in the path of an oncoming vehicle.

Res ipsa loquitur has no application. Hence, no presumption of negligence is created by the mere happening of the accident. Indeed, the law presumes the exercise of due care and it is incumbent upon the party charging negligence to establish it by the greater weight of the evidence. It is also fundamental that negligence cannot be predicated upon mere conjecture, guesswork, or speculation. It is not necessary to establish negligence by direct and positive evidence, but there must be facts from which a reasonable inference of negligence may be drawn. Is it more reasonable to assume that this child walked in front of the automobile and that the driver in the exercise of due care ought to have seen her in time to avoid injury than that the child unexpectedly darted out in front of the car or ran into the side thereof? No person saw the child after she started down the steep bank near the Miller driveway. No person testified that the auto struck the child or that the child darted out in front of the car or ran into the side thereof and was run over by one of its wheels. As to how the accident happened, nobody knows and there is no evidence from which a reasonable inference can be drawn in reference thereto.

██ ██ It is well established that the causal connection between defendant's act or omission and the injury must not be left to surmise or conjecture. The evidence must be something more substantial than merely indicating a possibility that the alleged negligence of the defendant was the proximate cause of the injury. When the evidence shows two or more equally probable causes of injury, for not all of which the defendant is responsible, no action for negligence can be maintained. In other words, negligence cannot be based on conjecture or speculation. It must be fairly and reasonably inferable from the evidence: 20 American Jurisprudence, § 1178; 45 C. J. 1269; Thompson on Negligence, § 7863; *Vale v. State Industrial Accident Commission*, 160 Or. 569, 86 P. (2d) 956; *Abbott v. Portland Trust & Savings Bank*, 160 Or. 699, 86 P. (2d) 962.

██ It is argued that had Howard exercised reasonable care to keep a lookout for pedestrians he would have seen the girl in time to avoid injury to her. Having in mind the approximate height of a little girl three and one-half years of age; the parked car near the Miller driveway and its location in reference to the place of accident; the route the child must have taken in going into the street; and the fact that Howard was on the side of the car opposite to that approached by the child, we conclude that his uncontradicted statement that he did not see the plaintiff is reasonable.

Can negligence be reasonably inferred from the evidence of Mrs. Duncan that, at a point 142 feet from the accident, Howard was talking to the mechanic on the running board of the car who was listening to the sound of the motor? Howard and Presthus deny having talked as claimed by Mrs. Duncan and, in view of the work in which they were engaged, we can see no reason

for extended conversation. Nevertheless, we must assume that they did talk. It does not follow, however, that an inference of negligence may be drawn from such evidence. It is entirely reasonable that Howard could talk and still maintain a proper lookout for pedestrians. Furthermore, there is no reason to believe that the conversation continued to the point of the accident. Indeed, Mrs. Duncan does not say that Howard was not keeping a lookout nor that he was driving his car in a careless or reckless manner.

*McAvoy v. Kromer*, 277 Pa. 196, 120 A. 762, was an action to recover damages for injuries sustained by a minor in an automobile accident which occurred on the street between regular pedestrian crossings. The reasoning of the court is particularly applicable to the facts in the instant case. It was there said:

"There is nothing in the evidence to show how plaintiff came into this part of the street. All that we have is that he was seen just as he left the curb, to cross from the north to the south side of City Line avenue. He was next seen, either being struck, or underneath the front part of the automobile; no one saw him in the intervening space from the curb to the place of accident, nor, so far as the record shows, does any one know just how the accident happened. Was he run down by the car, the driver of which could have seen him a sufficient length of time to have guarded against it? The accident occurring between crossings, did he suddenly run in front of the car? Was he crossing the street heedlessly? Was he crossing the street without regard to traffic, having his hand thrown over his head to keep the storm from his face? Did he reach the south side of the street safely and suddenly dart back in front of the car? Or did the car suddenly swerve, striking him? All these circumstances are left to conjecture; defendants might have been responsible for one or more of the causes and not so as to others. In such cases, where it is equally

probable the accident may have resulted from either cause, there can be no recovery."

In *Messick v. Mason,* 156 Va. 193, 157 S. E. 575, it is said:

"When the driver of an automobile on the public highway does not see children in or near the roadway in such a position that their childish impulses may reasonably be expected to place them in danger from passing automobiles, and there are no special facts or circumstances known to the driver, or which ought to be known to him in the exercise of a reasonable lookout, which would put an ordinarily prudent man on notice that children are, or are reasonably to be expected to be, in or near the roadway at a particular place, the driver is not chargeable with negligence merely because he does not anticipate that a child will or may step, or run out, into the road at that place in front of his automobile, and does not decrease his speed or increase his vigilance and care accordingly. In such a case, until he sees or ought to have seen the child, his permissible speed is no less, and the degree of care and vigilance owed by him is no greater in a case in which a child is involved than in a case in which an adult is involved."

After a careful consideration of the record, we have reached the conclusion that there is no substantial evidence tending to show that the defendants were negligent in one or more particulars as charged in the complaint. Any verdict other than for the defendants would have been the result of mere surmise, guesswork, speculation or conjecture.

It follows that the order setting aside the judgment and granting a new trial must be reversed. The cause is remanded with directions to reinstate the judgment in favor of the defendants.

RAND, C. J., and BAILEY and LUSK, JJ., concur.