**DEMERS v. RAILWAY EXPRESS AGENCY, Inc.**
**No. 3494.**

Circuit Court of Appeals, First Circuit.
Dec. 18, 1939.

John J. Figoni, of Springfield, Mass., for appellant.

Harold P. Small, of Springfield, Mass. (Small & Brooks, of Springfield, Mass., on the brief), for appellee.

Before WILSON and MAGRUDER, Circuit Judges and PETERS, District Judge.

PETERS, District Judge.

This is an appeal from a judgment of the District Court for the District of Massachusetts in an action of tort, a jury verdict for the plaintiff having been set aside and judgment for the defendant ordered by the judge. Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The appeal brings up for review the finding of the judge that there was no evidence to warrant the conclusion of the jury that the accident was due to the defendant's negligence.

The evidence was to the effect that on a Saturday afternoon the defendant's express delivery truck was driven to a point on the northerly side of a street in a business section of Springfield and parked near the curb, which was about five inches higher than the macadam surface of the road. The driver took a bundle from the truck, alighted from the right-hand door which he left open, and delivered a package at a store a short distance to the rear of the point where the truck was parked. He returned to the truck, coming around the rear end, and entered the driver's compartment through the door on the left-hand side. He then closed both doors, having laid his delivery book on the right-hand part of the seat, looked through the mirror to the left, looked ahead and started ahead in low gear, there being no cars either ahead or behind him.

The driver had proceeded only a few feet when his attention was called to the fact that an accident had occurred. Stopping and alighting, he found that his right front wheel had passed over and killed a five-year old child which was in the street directly in front of the right-hand front wheel.

There was no evidence that the driver knew or had any reason to know that any child was in the vicinity. This child had been sent by her mother to a drug store near where the truck stopped. The child had returned a book to a lending-library in the drug store, and there received some coins in exchange.

The only witness who testified respecting the actions of the child was one who saw her when two or three feet in front of the truck, bending over and looking down at the ground, with the head about two feet from the ground. In that position the evidence was to the effect that it would be impossible for a person seated in the driver's seat to see the child.

The truck was the usual type of Dodge truck used by the express company for delivery and collection of parcels. It had a driver's seat somewhat near the center of the car. Certain measurements were given from which it is claimed that by standing up in the cab or by making a special examination through the right-hand panel of the windshield, the driver might have seen the child in the position it was said to be; but the judge ruled that the driver was not obliged to do that.

The eye-witness gave testimony in relation to the actions of the driver when starting the truck, from which it is claimed the jury might infer that the driver failed to use ordinary care in looking about before starting. The witness, when asked whether she attracted the attention of the driver, said: "I tried to, but I couldn't. He didn't even look. He didn't stop for nothing. It looked to me he was in a hurry." Having testified previously that she did not

see the child until the truck passed over it, it is evident that her testimony referred to the attitude of the driver after the accident occurred.

■ It appears from the statement of evidence that the driver of the truck went through the usual routine in starting it and driving a few feet until he learned there had been an accident and stopped. There was clearly no negligence, unless it was the duty of the driver, in the situation there presented, to make an examination around his truck for possible children before starting. In deciding that question this court follows the law of Massachusetts as laid down by the highest state court. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

We agree with the district judge that on the facts there is no practical distinction between the case at bar and O'Reilly v. Sherman, Mass., 11 N.E.2d 446, 447. In that case, also, a child was killed by being run over by an automobile, and it appeared that the defendant had no reason to expect to find a small child about his automobile when he started it. In its opinion the court said:

"He owed only the duty of ordinary care. For all that appears, he did all that ordinary prudence would dictate before starting the automobile. There is no evidence that the presence of the plaintiff could have been discovered without close inspection of the front of the automobile, and perhaps of other places. Ordinary care did not require that. The judge should have ruled, as requested by the defendant, that there was no evidence of negligence on the part of the defendant."

■ There was really little or no conflict in the evidence submitted to the jury, and there was no evidence that would warrant a finding that the driver could have reasonably foreseen the presence of the child in the path of the truck.

On the facts shown, the driver cannot be held to be negligent. Lovett v. Scott, 232 Mass. 541, 122 N.E. 646; Rizzittelli v. Vestine, 246 Mass. 391, 141 N.E. 110.

■■ The burden of proof to show the defendant's negligence was upon the plaintiff and cannot be inferred in a case like this merely from the happening of the accident. Whalen v. Mutrie, 247 Mass. 316, 142 N.E. 45.

The judgment of the District Court is affirmed.