LARSON, Appellant, v. LOUCKS, Respondent

(6 N. W.2d 436.)

(File No. 8535.   Opinion filed November 28, 1942.)

Rehearing Denied January 19, 1943.

**Fellows & Fellows,** of Mitchell, for Appellant.

**Morgan & Whiting** and **H. T. Fuller,** all of Mitchell, and **Paul Bakewell,** of Plankinton, for Respondent.

BENSON, Circuit Judge. This action was brought by appellant as special administrator of the estate of his son, David Warren Larson, deceased. At the end of defendant's case the trial court directed a verdict in favor of defendant and from judgment entered thereon plaintiff appeals.

David Warren Larson, a child twenty-three months old, was killed in the yard of his farm home on September 5, 1939, by an automobile owned and driven by respondent.

The farmyard is located on the north side of an east and west highway. The main house, occupied by David's grandmother Mrs. Maude Larson, is on the west side of the yard and is enclosed with a fence. A sidewalk leads directly east from the house to a swinging gate in this fence. There is a garage on the east side of the farmyard located about sixty feet east and a few feet north of the gate. The barn and other buildings are north of the garage. Between the garage and the barn are two artesian wells, one of which was out of repair.

The deceased, his three sisters and his parents, lived in what is called the tenant house, situated about a city block east of the grandmother's home. The customary route of travel between the two houses skirted the north end of the garage and then ran southwesterly across the farmyard to the gate. There was no pathway visible to the eye. Appellant contends David was following this route to his grandmother's home when the accident occurred.

Respondent was the State Engineer of the State of South Dakota. It was his duty to inspect artesian wells and he had been invited by Mrs. Maude Larson, the owner of the farm, to inspect the well. He arrived late in the afternoon and parked his automobile in front of said gate, facing north, parallel to the house yard fence and about four or five feet therefrom. The front door of his car was directly opposite the gate. Immediately after his arrival he and Mrs. Maude Larson walked across the yard and inspected the well. At that time there were no children around the place. Upon their return to the main house, they went inside and talked for about thirty minutes. Sometime during that conversation respondent observed a three year old girl in the house.

When their visit ended respondent walked down the sidewalk to the car and entered it through the front door on the west side. He testified that both before and after entering the car, and before starting it, he looked to the front but did not see anyone in the yard. He started the car slowly and as soon as it commenced to move forward

he made a U turn to the right. Almost immediately after the car started moving, and within a distance of three to ten feet, he felt or heard a "contact" or a slight noise which he described as similar to something hitting under the car. After completing the turn he looked back and saw the deceased lying in the yard. The child had been struck by the car and died as the result of a depressed fracture at the back of his head. He had not been run over by the wheels. A pool of blood formed where the body lay and the location of this blood spot was fixed by a number of witnesses, some of whom said it was as much as twenty-two feet north and fifteen feet east of the yard fence gate. There were no other blood spots.

■ The evidence must be considered in the light most favorable to appellant. McCormick v. Rapid City Nat. Bank, 67 S. D. 444, 293 N. W. 819.

■ Appellant had the burden of proving that respondent had knowledge of the child's presence or that in the exercise of reasonable care he should have discovered his presence. 3 Berry on Automobiles 607. Appellant has wholly failed in this proof. There is no direct testimony fixing the position of the boy immediately preceding the accident, nor is there any circumstantial evidence from which that position may be determined. Respondent testified he looked to the north both before and after entering the car but did not see David. There is no proof of physical facts from which it might be determined that respondent should have seen him. The fact that respondent had seen a little girl in the house sometime before did not put him on notice that children might be playing or concealed around his automobile. Having no reason to anticipate the child's presence near his car, negligence cannot be predicated on the mere fact that he started his machine injuring the child. Favalora v. Oden, 13 Cal. App.2d 659, 57 P.2d 541; Williams v. Cohn, 201 Iowa 1121, 206 N. W. 823; Demers v. Railway Express Agency, 1 Cir., 108 F.2d 107; O'Reilly v. Sherman, 298 Mass. 571, 11 N. E.2d 446; Heikkila v. Standard Oil Co., 193 Wis. 69, 213 N. W. 652; Hahn v.

Anderson, 123 Pa. Super. 442, 187 A. 450; modified 326 Pa. 463, 192 A. 489; Simpson v. Hillman, 163 Or. 357, 97 P.2d 527; O'Neil v. Cochrane, 184 Minn. 354, 238 N. W. 632; 2 Blashfield Cyclopedia of Automobile Law & Practice, Perm. Ed., Sec. 1509; 5 Huddy, 59.

Respondent was not required under these circumstances to look around and underneath his car before starting it. Williams v. Cohn, supra; O'Neil v. Cochrane, supra; 2 Blashfield, Cyclopedia of Automobile Law and Practice, Perm. Ed., Sec. 1509.

■ Appellant contends that the blood spot marks the point of collision, that it was far enough ahead of the car so that respondent must have seen the child had he looked. With this we cannot agree. The blood spot was evidence of where the child lay after the accident but it does not prove his position immediately before the accident. Williams v. Cohn, supra.

■■ Appellant also relies upon the doctrine of res ipsa loquitur. In Barger v. Chelpon, 60 S. D. 66, 243 N. W. 97, 98, this court held: "The doctrine of res ipsa loquitur may be stated to be that, whenever a thing which has caused an injury is shown to have been under the control and management of the defendant charged with negligence, and the occurrence is such as in the ordinary course of events does not happen if due care has been exercised, the fact of the accident itself is deemed to afford sufficient evidence to support a recovery in the absence of any explanation by the defendant tending to show that the injury was not due to his want of care. 20 R.C.L. 187. It does not mean that negligence can be assumed from the mere fact of an accident and injury, but the expression that the thing speaks for itself is a short way of saying that the circumstances attending upon the accident are in themselves of such a character as to justify a jury in inferring negligence as the cause of the injury. * * * It is the province of the court in the first instance to determine whether or not the circumstances are such as will, unexplained, permit the jury to draw the inference of negligence."

In 38 Am. Jur. 998 it is said:

"The doctrine should not be employed for the purpose of creating negligence since it is not so positive as to convert into negligence that which is due care except for the rule. * * * It is only where the existence of negligence is a more reasonable deduction from the facts shown that a plaintiff is permitted to call this rule to his aid."

"The character of the accident rather than the fact of the accident determines whether the doctrine of res ipsa loquitur applies." 15-16, Huddy 283.

██ It cannot be said that this injury would not have occurred in the ordinary course of events but for respondent's negligence. It is fully as reasonable to assume that the child was under the car, on the running board on the far side or immediately in front of the automobile in a position where respondent could neither see him as he approached the car from the farm house nor as he sat in the driver's seat. The doctrine of res ipsa loquitur is not applicable in such circumstances. Zulim v. Van Ness, 3 Cal. App.2d 82, 38 P.2d 820; Simpson v. Hillman, 163 Or. 357, 97 P.2d 527; Demers v. Railway Express Agency, 1 Cir., 108 F.2d 107; Roberts v. City of Rockford, 296 Ill. App. 469, 16 N. E.2d 568; Nager v. Reid, 240 Mass. 211, 133 N. E. 98; 3 Berry on Automobiles, Sec. 3.343, p. 533; 9 Blashfield Cyclopedia of Automobile Law & Practice, Perm. Ed., pp. 321, 323.

A verdict for appellant could have been founded only on speculation and conjecture.

The judgment of the trial court must therefore be affirmed.

BENSON, Circuit Judge, sitting in place of POLLEY, J., disqualified.

All the Judges concur.