194

## MONTGOMERY v. OVERSEAS DEVELOPERS, Inc., et al.
### No. 66-L-3277.
Circuit Court, Dade County.

June 23, 1967.

Russell C. Gay of Krystow, Gay & Ulrich, Miami, for plaintiff.

Sherouse & Corlett and A. Dan Killian, all of Miami, for defendant Overseas Developers, Inc.

Truett & Watkins and Harold Heller, all of Miami, for defendant Cameron Construction Co.

HAROLD B. SPAET, Circuit Judge.

This cause came on to be heard on the motions of the defendants, Overseas Developers, Inc., a Florida corporation, and Cameron Construction Company, Inc., a Florida corporation, for summary judgment.

The facts taken most favorably to the plaintiff's position, as revealed in depositions and affidavits are as follows —

That plaintiff and her deceased husband, John H. Montgomery, purchased one of the apartments known as Seaview Apartments, owned by the defendant, Overseas Developers, Inc., and built by the defendant, Cameron Construction Company, Inc.

That the Seaview Apartments consist of a multi-family dwelling house and the apartments on the second floor are reached by an outside stairway leading from the first to the second floor, which stairway was maintained by the defendant, Overseas Developers, Inc.

That on February 5, 1966 the plaintiff and her deceased husband moved into their apartment.

That shortly after 7 P.M. on that day they left their apartment and due to the fact that the outside light on the aisle, balcony or stairway of the apartment was not burning, and upon closing the solid door to their apartment no light showed through so as to light the stairway, Mrs. Montgomery told her husband to wait at the head of the stairs, that she would get the car, and turn it so its headlights would shine on the stairs.

That Mrs. Montgomery then descended the stairs, got the car, turned it around, shone the light on the stairs, and after a few minutes, when her husband did not appear, got out of the car, went to the stairway and found her husband lying at the foot of the stairs, bleeding badly about the head obviously severely injured.

That there was a failure to properly light the stairs; that there was debris on the stairs; that there were improper stair railings and irregular and improper risers were in existence at the time of the accident.

The court has carefully read plaintiff's memorandum of law in opposition to defendants' motions for summary judgment and the cases cited therein, as well as cases cited in a supplementary letter of authorities, and made considerable independent investigation.

Such investigation leads inevitably to the granting of the defendants' motions for summary judgment.

As the District Court of Appeal, Second District, said in the case of Kenneth Neilsen, a minor, etc. v. City of Sarasota, 110 So.2d 417, at page 419 —

"It is ever so unfortunate that Kenneth suffered this fall and most serious injury, and likewise it is very unfortunate that there is no witness who can testify as to how it occurred; what caused it."

The district court in that case granted a summary judgment for the defendants, and writ of certiorari was discharged by the Supreme Court at 117 So.2d 731, although the Supreme Court pointed out that its discharge of the writ of certiorari went to the *rule of law* announced by the district court rather than any discussion of the fact situation. There was certainly more evidence in Neilsen's favor than there is in the instant case.

Whether the ruling be based on the invalidity of an inference on an inference, or on the question of circumstantial evidence of the breach of duty by the defendants to the plaintiff, the plaintiff's case must fail for a lack of any evidence that any act or omission of these defendants was a proximate cause of the death of the deceased, John H. Montgomery. See 5 A.L.R.3d 100. A causal connection must exist between the defendants' act or omission and the plaintiff's injury. It cannot be left to conjecture and surmise.

In Simpson v. Hillman, 163 Or. 357, 97 P.2d 527 (1940), at p. 529, the court said —

"It is well established that the causal connection between defendant's act or omission and the injury must not be left to surmise or conjecture. The evidence must be something more substantial than merely indicating a possibility that the alleged negligence of the defendant was the proximate cause of the injury. When the evidence shows two or more equally probable causes of injury, for not all of which the defendant is responsible, no action for negligence can be maintained. In other words, negligence cannot be based on conjecture or speculation. It must be fairly and reasonably inferable from the evidence."

Nor can the plaintiff find comfort in Hill v. American Home Assurance Company, 193 So.2d 638, for in that case the district court pointed out at page 646 that the plaintiff's case was supported by a presumption — that if it be shown that death is a result of external violence, there is a presumption that the violence was due to accidental means so as to support a recovery, in that type case, in the absence of affirmative proof to the contrary by the insurer.

See also Smith v. General Motors, 227 F.2d 210 (5th Cir., 1955), criticized in 8 Ala. Law Rev. 396.

The case of Voelker v. Combined Insurance Co. of America decided by the Supreme Court of this state, reported in 73 So.2d 403, was a case where the plaintiff's position was more favorable than in the instant case. A jury had rendered a verdict in favor of the plaintiff. Despite the rendition of a plaintiff's verdict the defendant was granted a final judgment by the circuit judge, and in a well reasoned opinion the action of the circuit judge was affirmed.

The facts taken most favorably toward the plaintiff's position show that the deceased was waiting at the head of the stairs for his wife to return; that certain acts of negligence such as failure to light the stairs properly, debris on the stairs, improper stair railings, irregular and improper risers were in existence at the time, and when the deceased's wife returned he was lying at the foot of the stairs severely injured. No proof of any causal connection between the negligent acts and the plaintiff's injuries can be shown. As the district court said in the Neilsen case, supra, it is "ever so unfortunate", but to permit this state of facts to be submitted to a jury would be inviting speculation, conjecture and possibly something worse than either of them.

The prevailing parties should prepare final summary judgments in accordance with this opinion.