BUTLER *v.* CABE.

Opinion delivered December 14, 1914.

1. PUBLIC HIGHWAYS—RIGHT TO USE OF.—All persons alike have equal right to use the public streets and highways for purposes of travel by proper means, and with due regard to the corresponding rights of others, and an automobile and a mule driven to a buggy are alike proper means of conveyance upon a public highway.

2. AUTOMOBILES—USE OF PUBLIC ROADS—DUTY OF CARE.—All travelers upon public highways are bound to the exercise of ordinary care in the use thereof, both for their own protection and the safety of others, and ordinary care may require a greater exercise of care by automobilists on country roads, where horses and mules are likely to be frightened, than that required of other users of the highway.

3. AUTOMOBILES—PUBLIC HIGHWAY—FRIGHTENING ANIMALS.—In an action for damages where plaintiff was injured when a mule he was

driving was frightened by defendant's automobile, while both were
traveling upon a public highway, it is prejudicial error to charge
the jury that plaintiff could not recover if he knew that the animal
was likely to be frightened by an automobile driven on the high-
way, and that plaintiff's conduct in driving such an animal was
not that of a reasonably prudent man under similar circumstances.

Appeal from Lafayette Circuit Court; *J. M. Carter,*
Judge; reversed.

STATEMENT BY THE COURT.

Thomas W. Butler brought this suit against the de-
fendant Cabe for damages for personal injury to his
buggy and harness alleged to have been caused by the
negligence of the defendant in frightening his mule and
causing it to run away, by the operation of his automobile
at a rapid and dangerous rate of speed upon the public
road along which plaintiff was driving, and in failing to
stop after plaintiff's signal and his discovery that the
mule driven by plaintiff was becoming unmanageable
from fright.

It appears from the testimony that appellant was
driving toward his home on the public country road, and
that when he came near a sharp curve around which he
could not see, that defendant approached in his automo-
bile from beyond the curve at a high rate of speed, and
made no effort to stop his car or slacken the speed of it
after plaintiff's signal, and he discovered that the mule
driven by plaintiff was greatly frightened and becoming
unmanageable. The mule bolted, ran into the woods,
struck the buggy against a tree and threw the occupants
out, breaking plaintiff's wrist and otherwise severely in-
juring him and breaking up the harness and buggy to
some extent. There was testimony tending to show the
speed of the automobile, and that the mule driven by
plaintiff was not gentle and was not safe to drive where
automobiles were passing, and was always greatly fright-
ened by them although the plaintiff said that the mule
was gentle and had never been regarded as unsafe to
drive nor greatly frightened at automobiles until after
this occurrence. The court instructed the jury, giving,

among others, over appellant's objection, instruction No. 4, as follows:

"If you find from the evidence that the mule driven by the plaintiff was afraid of an automobile and would become frightened and probably unmanageable on meeting one upon the public highway, and this fact was known to plaintiff, and, notwithstanding this knowledge, plaintiff drove said mule on the public highway where he would probably meet automobiles, and that his conduct in so doing was not that of a reasonable and prudent man under similar circumstances, then you should find for the defendant." The jury returned a verdict for the defendant and from the judgment thereon plaintiff prosecutes this appeal.

*D. L. King,* for appellant.

*Searcy & Parks,* for appellee.

KIRBY, J., (after stating the facts). (1) Appellant contends that the court erred in giving said instruction No. 4, and we agree with this contention. All persons have equal right to use the public streets and highways for purposes of travel by proper means with due regard to the corresponding rights of others, and it is unquestioned that an automobile is a proper means of conveyance on the public highway, neither can it be disputed that driving a mule to a buggy is a like proper means of conveyance. Certainly a citizen is not to be deprived of his right to use any means of conveyance within his control because, forsooth, the animal he must drive is unaccustomed to the sight of automobiles and becomes frightened upon meeting or coming near them. Public highways are established for the benefit of all who find it necessary or desirable to travel thereon, adopting any means of conveyance not prohibited by law.

In *Millsaps* v. *Brogdon,* 97 Ark. 469, the court said:

"The beggar on his crutches has the same right to the use of the streets of the city as has the rich man in his automobile. Each is bound to the exercise of ordinary care for his own safety and the prevention of injury to others in the use thereof."

In *Minor* v. *Mapes,* 102 Ark. 354, the court said:

"Automobilists and the drivers of other vehicles have the right to share the street with pedestrians, but they must anticipate the presence of the latter and exercise reasonable care to avoid injuring them. Care must be exercised commensurate with the danger reasonably to be anticipated."

(2-3) All travelers upon the public highways are bound to the exercise of ordinary care in the use thereof, both for their own protection and the safety of others, and ordinary care as indicated in the quotation from . *Minor* v. *Mapes* may require greater care exercised on the part of the automobilist and others driving vehicles of high power and great speed that make fearsome noises calculated to frighten unsophisticated country horses and mules not city broke and accustomed to seeing them, than that required of other users of the highway. In some jurisdictions automobilists are prohibited the use of certain streets and highways and our own statutes restrict their operation as to the rate of speed that may be maintained. Said instruction allowed the jury to find against the plaintiff who was unquestionably seriously injured by the frightening of his mule and the overturning of his buggy, if the jury found that he knew the animal driven by him was afraid of an automobile and might become frightened and unmanageable upon meeting one upon a public highway, if his conduct in driving the animal upon a public highway where he would probably meet automobiles was not that of a reasonable and prudent man under the circumstances, taking away from the jury altogether the right to find for the plaintiff notwithstanding any negligence on his part, if it can be held that the driving of an animal upon a public highway where an automobile might be met, not accustomed to the sight thereof was negligence, if the defendant, after discovering his perilous position, failed to exercise ordinary care to prevent the injury. Our courts have invariably held railway companies responsible for damages caused by the frightening of animals ridden or driven along public

highways near their tracks and at crossings for failing to use the proper care to prevent injury by them after it becomes apparent that injury may result from the fright. This instruction in effect told the jury that the plaintiff was not entitled to recover for an injury caused by his mule becoming frightened at the approach of an automobile and running away and injuring him if he knew that the animal was liable to become frightened upon meeting an automobile, and a prudent person would not have driven an animal of that kind upon the public highway where automobiles might be met. This is not the law. Plaintiff had the right to drive his mule on the public highway, being bound, of course, to the exercise of ordinary care while doing so, and there was no reason to think that he could or would not have time upon the approach of an automobile to take such measures as would protect himself from danger on account of the fright of the animal by either leaving the road, if opportunity offered, or by getting out of the buggy and holding the animal until the danger was past. The court erred in giving this instruction and the judgment must be reversed and the cause remanded for a new trial.

It is so ordered.