MOREL *v.* LEE.

Opinion delivered December 22, 1930.

*John M. Shackleford* and *Buzbee, Pugh & Harrison,* for appellant.

*Robert A. Kitchen* and *Surrey E. Gilliam,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the killing of the child was an unavoidable accident, and that the court should have directed a verdict and erred in giving said instructions, and in any event that the damages awarded are excessive.

No witness saw the little boy in time to give warning or do anything to prevent his being struck by the automobile, in front of which he ran following the larger boy

across the street. The man who called the boys, his own eleven-year-old son and the little fellow playing with him, to come home from the opposite side of the street, and turned after starting back into the house to see if they were coming, saw him about three or four feet in front of the car when it was inevitable that he would be run down. The owner of the car didn't see him until he was in front of the car; while the driver, watching the larger boy, who was ahead of the small boy, from the time he crossed in front of the car until he was past all danger, did not see the small boy until after he had been struck by the car. The law of the case has been well settled in the several decisions of this court defining the relative rights and reciprocal duties of persons using the public streets and highways as pedestrians or in operation of automobiles and other cars or vehicles thereon, each being bound to the exercise of ordinary care for his own safety and the prevention of injury to others in the use thereof. *Millsaps* v. *Brogdon,* 97 Ark. 469, 134 S. W. 632, 32 L. R. A. (N. S.) 1177; *Minor* v. *Mapes,* 102 Ark. 351, 114 S. W. 219, 39 L. R. A. (N. S.) 214; *Butler* v. *Cabe,* 116 Ark. 26, 171 S. W. 1190, L. R. A. (N. S.) 1915C, 702; *Texas Motor Co.* v. *Buffington,* 134 Ark. 323, 203 S. W. 1013; *Oliphant* v. *Hamm,* 167 Ark. 167, 267 S. W. 563; *Snow* v. *Riggs,* 172 Ark. 835, 290 S. W. 591; *Gates* v. *Plummer,* 173 Ark. 27, 291 S. W. 816; *Murphy* v. *Clayton,* 179 Ark. 225, 15 S. W. (2d) 391.

Ordinary care, however, is a relative term, its interpretation depending upon the facts and circumstances of each particular case; and, although drivers of automobiles and pedestrians both have the right to the use of the streets, the former must anticipate the presence of the latter and exercise reasonable care to avoid injuring them, care commensurate with the danger reasonably to be anticipated. *Minor* v. *Mapes, supra; Snow* v. *Riggs, supra; Texas Motor Co.* v. *Buffington, supra;* and *Murphy* v. *Clayton, supra.*

"However, the doctrine that drivers or owners of motor vehicles are not insurers against all accidents ap-

plies in the present state of the law to injuries to children. If no one can reasonably foresee the sudden presence of a child in the path of an automobile, so as to prevent a collision with him, the driver or his master, proceeding at a lawful speed and being otherwise in observance of the traffic regulations, will not be liable for injuries from such a collision.'' 1 Blashfield, Cyclopedia of Automobile Law, p. 641.

The instructions complained of, Nos. 1 and 2, the first of which contained no direction to the jury, were no more than an application of the principles of law, as herein declared, to the facts of the case as made, and no error was committed by the court in giving them.

Although it is true that the chauffeur was shown to be an experienced and careful driver, never before having injured any one by the movement of his car, and, although he was not driving it at an excessive rate of speed, he did not see the little boy before striking him, his attention being concentrated on the larger boy, who also came from behind the standing car on the west side of the street, passed in front of his car and on to the east side of the street, fearing lest he might attempt to return and be injured. He knew that people lived along the street, and that children played about and crossed over it, saw the larger boy run across the street in front of his car from west to east and watched him until he got entirely across, not looking to see whether other children were attempting to follow him across; and the jury could have found that he was negligent in so doing, not exercising reasonable care to avoid injury to the little boy, following the other one, whose presence he should have anticipated.

It is next contended that the damages awarded are excessive, and this contention must be sustained. Where the death of a child, incapable of earning anything or rendering services of any value at the time of its death, as in the present case, is the subject of the action, the value of the probable future services to its parents during its minority must, in the nature of things, be a matter

990

of conjecture and can be determined by the jury without the testimony of witnesses. *L. R. & Ft. S. Ry. Co.* v. *Barker*, 29 Ark. 41; *Hines* v. *Johnson*, 145 Ark. 602, 224 S. W. 989.

In the case of *St. L. I. M. & S. R. Co.* v. *Freeman*, 36 Ark. 41, we held (quoting syllabus) that "the measure of damages to a parent for killing his child is the pecuniary value of his services during minority, and the cost and expense incurred by the parent on account of the injury, less the reasonable and necessary expense of raising it; the value to be such as is ordinary with children in like condition and station in life, without regard to the relationship between them, or to the parent's feelings or the child's suffering."

Our statutes (§ 7085, C. & M. Digest) provides that no child under the age of 14 years shall be employed or permitted to work in any remunerative occupation, except during school vacation when they may be employed by their parents in occupations controlled by them; and parents are required to send their children between the ages of 7 and 15 years to school (§ 9042, C. & M. Digest).

In *Interurban Ry. Co.* v. *Trainer*, 150 Ark. 19, 233 S. W. 816, the court held the damages recovered, $5,000, by the parents for pecuniary loss for the services of their child, a girl eleven years old, excessive and reduced the amount to $2,500. It was there said: "In determining what the pecuniary value of the services of a child of tender age would be to its parents between the time of its death and the age of maturity, the jury should take into consideration the position in life of both parents and child, the occupation of the parents, their physical condition, their circumstances, and also the sex, age, physical and mental condition of the child. While the law is liberal in allowing the jurors to voice their own opinions and conclusions as to the pecuniary value of the services without any specific proof or opinion of such value by affirmative evidence, yet such conclusion as reflected by their verdict must be predicated upon the facts and circumstances as above detailed and accord with what rea-

sonable men in viewing such facts and circumstances would decide.''

In *L. R. & Ft. Smith Ry.* v. *Barker*, 33 Ark. 350, 34 Am. Rep. 44, one of our earliest cases on the subject, the court in reversing a judgment on a verdict of $4,500 as excessive, less than $2,300 being finally recovered, said: ''We are satisfied that if the facts of the case were submitted to one hundred impartial men, of sound, discriminating judgment, of experience and observation in the raising of children, properly instructed in the law as to the measure of damages, ninety-nine, if not all of them, would say that the damages awarded in this case for loss of probable service were excessive, and such is our judgment.'' It may be observed also that the record herein shows that the jury returned a verdict for $1,000 damages on the first trial of the instant case.

The little child herein was undersized and undernourished, according to testimony, incapable of earning anything for some years, and the court is of opinion that the recovery of a greater amount herein than the judgment was reduced to in the Trainer case, *supra,* cannot be permitted to stand. The judgment will therefore be reduced to the said sum of $2,500, and, as modified, it will be affirmed. It is so ordered.