The appeal is dismissed and the cause is remanded.

*Appeal dismissed and cause remanded.*

Barnes, P. J., and Hornbeck, J., concur.

Sibberson, a Minor, Appellant, *v.* The Sherlock Baking Co., Appellee.

(No. 3959—Decided April 26, 1943.)

*Messrs. Deeds & Zeigin,* for appellant.
*Messrs. Kirkbride, Cole & Frease,* for appellee.

LLOYD, J. The defendant, The Sherlock Baking Company, engaged in a general baking business and operated in connection therewith a number of trucks for the delivery of its products to its customers. On April 6, 1942, one of its delivery wagons was being so used on Norwalk street in Toledo. The plaintiff infant resided with his parents on the southerly side of this street where there was a sidewalk paralleling the 18- or 20-foot vehicular-travelled portion of the street, which portion was 8 or 10 feet from the sidewalk line. In addition to the Sibberson home, there were several other residences on that side of the street. The baking company truck stopped at the second house westerly of the Sibberson home. At this time there were two children on the sidewalk in front of the residence next adjoining that of the Sibbersons. The plaintiff was not one of them.

The driver of the truck, who had not at any time seen the plaintiff, re-entered and started the truck and, an instant later, one of the children on the sidewalk "hollered," whereupon the driver at once stopped. The father of the boy testified that the driver said:

"I didn't see the boy. If that other little boy wouldn't have hollered, I would have run right over his stomach."

How or when the boy ran into or under the truck, or where he had been before, or where, in fact, he was when the truck was started, the evidence does not disclose. At the conclusion of plaintiff's evidence, the trial court directed a verdict for the baking company. From the judgment entered upon the verdict, the

230

plaintiff appeals to this court, on questions of law.

Plaintiff contends that the duty rested upon the employees of the baking company in charge of the truck to exercise ordinary care to see that there were no children in close proximity to the truck, who might be injured thereby. What ordinary care demands should or should not be done, depends upon the factual conditions and circumstances present in the particular case under consideration. In the instant case, there was nothing to warn the driver that the plaintiff, coming from somewhere unknown to and unseen by him, was near the truck. There is nothing in the evidence tending to prove that the employees in charge of the truck acted otherwise than persons of ordinary care and prudence would have, under the same or similar circumstances.

The plaintiff contended, also, that the opening statement of counsel was such as, if true, would require a reversal of the judgment. From the reading of such statement, however, the members of the court find nothing therein inconsistent with the facts developed by the evidence.

The judgment is affirmed.

*Judgment affirmed.*

CARPENTER and STUART, JJ., concur.