### FERRANTI v. CAPITAL TRANSIT CO.
### CALVISI v. SAME.
#### Nos. 172, 173.

Municipal Court of Appeals for the
District of Columbia.

June 28, 1944.

William C. DeLacy, of Washington, D. C., for appellants.

R. E. Le Goff, of Washington, D. C. (Bowen & Kelly, of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

These two cases arose from a collision between a truck, owned by Ferranti and operated by Calvisi, and a Capital Transit street car. The collision occurred in Prince Georges County, Maryland, at a point where the car tracks cross a public highway. The owner sued for damages to the truck; the driver for injuries to himself. The cases were consolidated for trial and resulted in judgments for defendant. Plaintiffs appealed.

The crossing was new and had been open for traffic only a few days. The tracks cross the road at right angles, are approximately level with the road and can be seen from about 150 feet away. There are overhead trolley wires. There was conflict of testimony as to the speed of the two vehicles, whether a warning whistle was blown before the car entered the crossing, and, inferentially, whether the car came to a stop

before entering. The driver of the truck testified he had never been on that road before, did not know of the crossing and did not see either the tracks or wires until the car came into the crossing, when he was then about 50 feet from it; that he applied his brakes but was unable to avoid the collision. There were skid marks approximately 52 feet long.

The trial court found that the driver saw or should have seen the tracks and wires, and saw or could have seen the car itself, in time to have avoided the accident, and that he heard or should have heard the whistle blown by the operator of the street car. From these findings the court concluded that the driver of the truck was guilty of contributory negligence and that such contributory negligence was the proximate cause of the collision.

 The findings of the trial judge were supported by substantial evidence and cannot be disturbed by us. Yellow Cab Co. v. Sutton, D.C.Mun.App., 37 A.2d 655.

Our sole question is the legal effect of defendant's failure to erect a warning sign at the crossing as required by the law of Maryland.[1] The Court of Appeals of Maryland has ruled that failure to comply with this law does not automatically place responsibility for a crossing accident on the railroad nor eliminate the defense of contributory negligence. (Glick v. Cumberland & W. Electric Ry. Co., 124 Md. 308, 92 A. 778); and that a violation of a statute will support an action only when such violation is the proximate cause of the injury. Buczkowski v. Canton R. Co., 181 Md. 377, 30 A.2d 257, decided February 11, 1943. The same court has held that contributory negligence is relative and dependent on the peculiar circumstances of each case. Baltimore Transit Co. v. Lewis, 174 Md. 618, 199 A. 879. These authorities demonstrate that the trial court correctly applied the law of Maryland to the facts of the case as found by him.

Affirmed.

---

[1] Art. 23, sec. 218, An. Code of Maryland, 1939 Edition: "Every railroad company organized under this article shall be required to erect at all points where its road shall cross any public road, at a sufficient elevation from such public road to admit of the free passage of vehicles of every kind, a sign with large and distinct letters placed thereon, to give notice of the proximity of the railroad, and warn persons of the necessity of looking out for the cars; and any company neglecting or refusing to erect such sign shall be liable in damages for all injuries occurring to persons or property from such neglect or refusal."