## MARY DALLAS *v.* JOHN DIEGAL, ET AL.

[No. 8, January Term, 1945.]

*Decided January 31, 1945.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, HENDERSON, and MARKELL, JJ.

*O'Ferrall & O'Ferrall* for the appellant.

*Roszel C. Thomsen,* with whom were *Clark, Thomsen & Smith* on the brief, for the appellees.

MELVIN, J., delivered the opinion of the Court.

Mary Dallas, a child two years old at the time of the accident, was run over and injured by a bakery truck as it was being backed away from its parked position on the wrong side of a street or road in the outskirts of Baltimore City. By her father and next friend she sued the driver, John Diegal, and the owner, Capital Bakeries, Inc., for damages on the ground of the driver's alleged negligence, and obtained a verdict of $1,200 from a jury in the Superior Court of Baltimore City. The trial judge granted the defendants' motion for judgment n. o. v, and it is from this judgment that the plaintiff has appealed.

The facts of the case are undisputed. The above named driver of the truck while on his assigned route about 11 o'clock on the morning of July 8, 1942, "pulled over" to the left or wrong side of the road adjacent to the sidewalk leading to the front porch of appellant's home. The mother of the infant made some purchases from him and then started toward her front door. As she did so she heard a scream and, turning around, saw him "pick Mary up in back of his truck." She did not see the child at any time while she was conversing with, or purchasing articles from, the bakeryman and "had no idea that Mary was away from the rear of the house," where she had been playing with her little brother under the care of a thirteen year old cousin, William A. Dallas. William saw the truck when it drove up in front of the house and kept on playing with the boy. The next thing he knew Mary was gone. When he went to look for her

he saw the truck driver pick her up at the rear of the truck, toward the middle of the road. There were no eyewitnesses to the accident and none who saw her even leave the yard. The testimony of Diegal, corroborated by that of his helper, Frank J. Plunkett, was that "there was nothing in sight and no one around" when the former started to move the truck away from the Dallas home, although they both looked to see that the way was clear.

On this record of facts it is claimed for appellant that there was, at least, "slight evidence" of negligence sufficient to have warranted submission of the case to the jury and, particularly, to have defeated the motion for judgment n. o. v. The two facts singled out as the basis for this contention are: (1) Parking on the wrong side of the street facing on-coming traffic—admittedly a violation of the statute, and (2) moving from such position in reverse—described as an "irregular" operation. It is not suggested that there is any evidence in the record indicating that the parked position of the truck or its reverse movement caused the accident.

The law is clear and explicit as to both of these points and is adverse to the appellant. It is the universally accepted rule that mere violation of a statute or ordinance will not support recovery in a negligence case unless it be further shown by legally sufficient evidence that the alleged negligence was the proximate cause of the injuries. That rule has been repeatedly stated by this Court and is in conformity with the recognized law on the subject in other jurisdictions as well.

The early case of *Philadelphia, W. & B. R. Co. v. Stebbing*, 62 Md. 504, 517, expresses the principle in these words: "It must appear that the negligent breach of the duty imposed by the ordinance was the direct and proximate cause of the injury complained of, and that such injury would not have occurred but for the violation of that duty." This has been reaffirmed in a number of cases since then, and only recently in *Buczkowski v. Canton R. Co.*, 181 Md. 377, 379, 380, 30 A. 2d 257, 258, in

which the rule is thus summarized: "It has been frequently decided by this court that the violation of a statute will not support an action for damages on account of an injury sustained, unless such violation is the proximate cause of the injury."

Other cases directly in point are: *Gloyd v. Wills,* 180 Md. 161, 23 A. 2d 665; *People's Service Drug Stores, Inc. v. Somerville,* 161 Md. 662, 665, 158 A. 12, 80 A. L. R. 449; *Greer Transportation Co. v. Knight,* 157 Md. 528, 146 A. 851; *Hopper, McGaw & Co. v. Kelly,* 145 Md. 161, 125 A. 779; *City of Hagerstown v. Foltz,* 133 Md. 52, 104 A. 267; *Gittings v. Schenuit,* 122 Md. 282, 90 A. 51; *Chamberlain v. Riddle,* 1944, 155 Pa. Super. 507, 38 A. 2d 521; *Ferranti v. Capital Transit Co.,* D. C. Mun. App. 1944, 38 A. 2d 116. See also *Shaw v. Wilcox,* Mo. App., 224 S. W. 58, where it was held that defendant was not negligent, *per se,* in being on the left side of the street where his purpose in going there was to stop at a house.

The universality of the rule is indicated by the statement of it, supported by cases from various jurisdictions, in *Blashfield's Cyclopedia of Automobile Law and Practice,* Perm. Ed., Vol. 4, Sec. 2591, as follows:

"The fact that, while the driver of a motor vehicle is violating a statute or ordinance, relating to the rules of the road, or use of the street by motor vehicles, injuries are inflicted or sustained in the operation of such vehicle, does not create a cause of action for the injuries inflicted, or preclude recovery for an injury sustained, unless such violation is the proximate cause of the injury."

"Whether the violation, at the time of the injury sustained or inflicted in the operation of a motor vehicle, of an ordinance or statute regulating traffic on the highway, is regarded as negligence *per se,* or otherwise, is immaterial in the application of the above rule, as there is the same necessity for the application of the doctrine of proximate cause in an action based on the violation of a statute as in the ordinary negligence case involving no violation of a statute."

Still further emphasizing the necessity of establishing a casual connection between the injuries and the alleged negligence in a given case, the language used in the "Restatement of the Law"—Torts (Negligence), Sec. 431, is conclusive: "While the casual relation between the actor's conduct and the other's harm is, in theory, immaterial until the actor's negligence is established, in practice, courts often consider the causation question without inquiring into the negligence problem. This they do when the negligence of the actor is doubtful but when they are clearly of the opinion that the actor's conduct cannot be regarded as a substantial cause of the other's harm, so that even were the actor negligent he could not be held responsible."

As to the conduct of the driver, Diegal, the undisputed testimony shows that both he and his helper looked to see the conditions in and about the truck before he started it in motion. He was not chargeable with any further duty. "A driver of a truck is under no legal obligation to make a search around and under his car 'lest a child too young for discretion and undirected by parents has tucked herself away in an obscure place, beyond the casual and convenient notice of the driver'." *Williams v. Cohn,* 1926, 201 Iowa 1121, 206 N. W. 823, 825.

The only other point made by the appellant is that the backward, or reverse, motion of the truck was an "irregular" operation of it which, coupled with the other undisputed fact that the motor vehicle was parked in violation of the statute, was sufficient evidence from which a jury could have found that there was actionable negligence on the part of the truck driver. We find no support whatever for this contention. Not only is there nothing unlawful in the mere act of backing a motor vehicle but it has been expressly pointed out by this Court that in a case of this character there is no distinction between the respective rights of motorists and pedestrians by reason of the direction in which the traffic is moving. *Universal Credit Co. v. Merryman,* 173 Md. 256, 195 A. 689. Under any circumstances, it is essential

that the causal connection between the alleged negligence and the accident be established. As the facts shown by the record in the instant case fail to meet this requirement, the trial judge was clearly correct in granting the judgment n. o. v.

*Judgment affirmed, with costs.*