## PRITCHARD v. HENRY.

### No. 11682.

Court of Civil Appeals of Texas. San Antonio.

Feb. 26, 1947.

Rehearing Denied March 26, 1947.

E. B. Simmons and G. Woodson Morris, both of San Antonio, for appellant.

Wier & Wier and Trueheart, McMillan & Russell, all of San Antonio, for appellee.

MURRAY, Justice.

Bill Pritchard instituted this suit against John Bailey Henry, Jr., seeking to recover damages sustained by him as the result of defendant backing his automobile over Pritchard's thirteen-months-old child, Pamela, thereby greatly injuring her and causing her death. The trial began before a jury, but at the close of the evidence the trial court granted defendant's motion for a peremptory instruction in his favor and instructed the jury to return a verdict that plaintiff take nothing. Judgment was ren-

dered in keeping with the instructed verdict and plaintiff has appealed.

The evidence shows that defendant was, on August 30, 1945, the date of the accident, a Colonel in the Air Corps of the United States Army. He was twenty-nine years old and served as a pilot. He had been over-seas for more than a year and during his absence his wife and small child had resided at 627 Winnipeg Avenue in San Antonio, Texas. Colonel Henry had been back from over-seas for some two weeks, but more than half of this time had been spent visiting with his father and mother at Charlotte, Texas. The house occupied by appellee was on the north side of Winnipeg Avenue and his driveway was on the east side of the house. Appellee usually parked his car in this driveway opposite the front porch of his house, which was about thirty-five feet from the sidewalk. There were several children in the neighborhood and it was their habit to play up and down the many lawns, without regard to which house they might be in front of; in fact, there were no marks or barriers to designate where one lawn began and another ended. There is considerable conflict in the evidence as to whether or not appellee knew of the habits of these children, having only been present at 627 Winnipeg Avenue for some four or five days. However, for the purposes of this opinion, we will assume that he did know of such habits on the part of these children.

On the occasion of the accident appellee's automobile was parked in his own driveway about opposite his front porch. He came out of his house, walked around his car to see that all four tires were up; while he was on the east side of his car he opened the door and ran the windows down to let the hot air out. He walked back to the west side of his car, opened the door and got in, primed and started the engine and then began to back his car very slowly. When he came out of the house he saw four little girls playing on the sidewalk in front of his house. He said he did not see any children playing on the porch of the Brown home, which is the first house to the east of the Henry home, but there is evidence that he stated at one time that he did see these children, so it may be presumed that he did see them. In backing his car he looked out the left window of his car by looking over his left shoulder. He had only backed about the length of his car when something was struck, whereupon he stopped the car and then drove forward. Upon alighting from his car he discovered he had backed over Pamela Pritchard, the thirteen-months-old daughter of appellant, Bill Pritchard. After starting his engine preparatory to backing his car, appellee did not look to the right, he did not sound his horn and took no other precaution except as above set out.

█ After the accident appellee went with appellant to the office of one of appellant's lawyers, E. B. Simmons, Esq. Appellee was asked while on the witness stand if he had not stated to Mr. E. B. Simmons, in talking about the accident, "that he reckoned he just didn't use enough precaution," to which he answered "No". Appellant testified that appellee did make such statement. This statement is of course a conclusion, and is not entitled to any weight when we have a full and complete statement as to everything that took place on the occasion of the accident.

██ We think the trial court properly instructed a verdict for appellee. All the children which appellee saw were in places of safety, both the group that were "squatting on the sidewalk" in front of his house and those on the porch of the Brown home. He watched on the left side as he backed out. He did not sound his horn, nor did he look to the right.

It occurs to us that the sounding of the horn would have done no good, so far as this thirteen-months-old baby was concerned. The baby had, it seems, passed back of the car and was struck by the rear left wheel. Neither do we think appellee was negligent in not again looking to his right after he had been around his car and observed that his driveway was clear. It is certain that he could not watch both the right side and the left side at the same time. It was perfectly natural for him to have watched the left side, which was the side on which he was seated. If

he had looked through the glass window in the rear of his car he could not have seen the child, as this window was four feet above the ground and the child was not nearly that tall. As he backed he could watch the four children on the sidewalk in front of his house, and the children on the Brown porch were in a place of safety. The evidence does not show where the child which was driven over came from, but it is suggested that she was one of the children on the Brown porch, and that she had left the Brown porch and started to where the four children were on the sidewalk in front of appellee's house, and had almost cleared the rear of appellee's car when he began to back and struck her.

■ ■ Appellee was called to the witness stand by appellant and questioned as to how the accident occurred. He told a very frank and straightforward story as to just how it happened. There is no other evidence in the record as to how the accident occurred. If appellee has not told the truth as to how it occurred then we have no evidence as to this matter. The burden of proof was upon appellant to show by a preponderance of the evidence that the child was injured and killed as the proximate result of negligence on the part of appellee. This he has not done.

We find no authorities directly in point in this State, but there are authorities from other states which are in point, to-wit: Williams v. Cohn, 201 Iowa 1121, 206 N.W. 823; Sibberson v. Sherlock Baking Co., 74 Ohio App. 228, 57 N.E.2d 939; Cioffi v. Lowell, 316 Mass. 256, 55 N.E.2d 411; Burke v. Durland, 312 Mass. 291, 44 N.E. 2d 655; Walker v. Bullard, 317 Mass. 288, 57 N.E.2d 917; Heikkila v. Standard Oil Co., 193 Wis. 69, 213 N.W. 652; Laszewski v. Delzell, 249 Wis. 491, 24 N.W.2d 879; O'Neil v. Cochrane, 184 Minn. 354, 238 N.W. 632; Dallas v. Diegal, 184 Md. 372, 41 A.2d 161; In re Miller's Estate, 300 Mich. 703, 2 N.W.2d 888; Hahn v. P. Graham & Co., 148 La. 55, 86 So. 651; Comer et al. v. Travelers Ins. Co., La.App., 27 So. 2d 438; Demers v. Railway Express Agency, 1 Cir., 108 F.2d 107.

There is considerable discussion in the brief as to whether Pamela Pritchard should be classified as a trespasser, licensee or invitee, but we feel that it is unnecessary for us to decide this point. Even if Pamela be regarded as an invitee on the premises of appellee, yet the evidence fails to show that appellee failed to do anything to prevent her being injured that a reasonable and prudent man would have been expected to do under the circumstances. Appellee had no knowledge of the perilous position of the child, and in the absence of such knowledge he used all the care that could have been expected of an ordinarily prudent person.

The judgment is affirmed.