**Humberto MUNOZ et al., Appellants,**

**v.**

**Jose MARQUEZ, Appellee.**

**No. 13432.**

Court of Civil Appeals of Texas.

San Antonio.

March 11, 1959.

Butler, Williams & Stone, Robstown, for appellants.

Perkins, Floyd & Davis, Alice, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Humberto Munoz and his wife, Paula M. Munoz, individually and as next friend of their minor child, Roberto Munoz, against Jose Marquez, who is the brother of Paula M. Munoz, seeking to recover damages resulting when defendant backed his automobile partly over the body of the child Roberto

The trial was to a jury and resulted in a verdict exonerating the defendant of any act of negligence, and in a judgment that plaintiffs take nothing, from which judgment plaintiffs have prosecuted this appeal.

Appellants allege jury misconduct in that "insurance" was mentioned by the jury during their deliberations, and, further, that it was stated at that time that the jury could not find Jose Marquez had acted negligently in backing his car partly over the child unless such fact was established beyond a reasonable doubt.

Appellee contends by way of cross-points that he should have been granted an instructed verdict because there was no evidence to show that he had acted in a negligent manner, and, of course, if this is true the question of jury misconduct would become immaterial.

 We are of the opinion that the trial court erred in not instructing a verdict for appellee. The evidence shows that all the parties involved lived at 408 Farm Street in Alice, Jim Wells County, Texas. There were three small houses located on the lot known as 408 Farm Street. The lot was located on the south side of the street. There was one house near the street and two in the back. Jose Marquez lived in one of the houses in the rear of the lot, and his mother, in the house near the street. All three houses used a common driveway. It was appellee's custom to drive his car in the driveway and park it to the west of his mother's house, and on leaving he would back it out into the street. On the morning of November 15, 1956, appellee went out of his home into the yard, intending to back his car out and drive it to a shop. He knew that his own children and his sister's children were playing somewhere on the premises and he located them near the rear end of the lot. He walked around his car once, to see if by chance any of the children were playing near his car. Finding none of them around his car, he got in and started the engine running. After the engine had run for a short time,

appellee again looked around his car, as best he could without getting out, and seeing no children nearby, started to back the car. He felt the car strike something and heard a child scream. He stopped the car at once, got out, went to the rear of his car and found the little three-year-old boy, Roberto, injured. Later at the hospital, the little fellow told appellee that they, the children, were playing cowboys and he was hiding under the car. There was no other testimony as to how the accident occurred. There was no evidence upon which a jury could have found that appellee acted negligently in striking the child with his car. Pritchard v. Henry, Tex.Civ.App., 200 S. W.2d 651, writ ref. n. r. e.

 As the instructed verdict should have been given, the alleged jury misconduct becomes immaterial. Blair v. Champion Paper & Fibre Co., Tex.Civ.App., 147 S.W.2d 894, wr. ref.

The judgment is affirmed.