**UNITED STATES of America,**
**Appellant,**

**v.**

**Herschel SLONE, Administrator of the**
**Estate of Timothy Brewer Slone,**
**Deceased, Appellee.**

**No. 19276.**

United States Court of Appeals
Eighth Circuit.

Jan. 14, 1969.

Robert E. Johnson, Asst. U. S. Atty., and Thomas B. Pryor, of Dobbs, Pryor & Shaver, Fort Smith, Ark., for appellant.

Jack Yates, Ozark, Ark., for appellee.

Before MATTHES, GIBSON and LAY, Circuit Judges.

MATTHES, Circuit Judge.

This is an action for damages for the alleged wrongful death of Timothy Brewer Slone (hereinafter referred to as Timothy) who was 10 months, 22 days of age when he was fatally injured on September 10, 1966.

Herschel Slone, father of Timothy and duly appointed administrator of his estate, filed suit as such administrator in the appropriate state court of Arkansas against Ray Kuykendall, a United States Government mail carrier, the driver of the vehicle that caused Timothy's death. Upon appropriate motions of the United States Attorney, the cause was removed to the United States District Court, Western District of Arkansas, and the United States was substituted as defendant. 28 U.S.C. § 2679(b) and (d). This had the effect of converting the action into a claim against the Government under the Federal Tort Claims Act. 28 U. S.C. § 1346(b).

The questions at issue in the district court as framed by the pleadings were: (1) whether Kuykendall was negligent; (2) whether Herschell Slone and La-Donna Sue Slone, the parents of Timothy, were contributorily negligent; (3) whether the United States was entitled to judgment over against the parents.

The district court found Kuykendall was negligent and that his negligence "was and is a part of the proximate cause of the injury and death" of Timothy; that the parents were contributorily negligent and their negligence contributed equally with the negligence of Kuykendall; that the appellee is entitled to recover $1,000 for medical and funeral expenses and $8,000 for the conscious pain and suffering of the deceased; that upon payment of $9,000 awarded by

the court to appellee the United States was entitled to recover from the parents of Timothy, third party defendants, the sum of $4,500. From the ensuing judgment the Government has appealed. We reverse.

The relevant facts are not contradicted.

Mr. and Mrs. Slone resided with their two children, David, four years of age, and Timothy in Franklin County, Arkansas. Their house was situated approximately 50 feet south of the south side of a county road. Their mailbox was almost directly in front of their house and near the south side of the road. A swing set and slide were located close to the northwest corner of the house.

On September 10, 1966, Kuykendall, operating his 1955 Chevrolet half-ton truck, was servicing patrons on his mail route. As Kuykendall, traveling eastwardly, approached the Slone property, he saw David and a dog near the front of the house but did not see Timothy.

According to Mrs. Slone, she and her two sons were playing at the swing and slide when she observed Kuykendall approaching. She thereupon proceeded to the mailbox taking David with her and leaving Timothy at the slide. Upon reaching the box she purchased stamps from Kuykendall and exchanged mail with him. After this transaction and a brief conversation with Kuykendall, she turned and began walking back to her house. From the time she left Timothy at the slide until after the accident, Mrs. Slone neither saw him, nor made any effort to look for him or determine his whereabouts.

Before starting forward, Kuykendall looked through his left window to ascertain whether there was any traffic approaching. After moving forward a short distance at a slow speed, he "felt something bump under the left rear wheel." Looking through the mirror he observed an object in the roadway. He immediately stopped his truck, dismounted and discovered Timothy lying face down. The left rear wheel had passed over his head. He was still alive but died approximately 20 minutes later while enroute to a hospital.

The district court found that if Kuykendall had looked into the outside rear view mirror, he would have seen Timothy; that in failing to look and discover the child, Kuykendall was guilty of negligence.

In determining whether Kuykendall was negligent, we look to Arkansas law. 28 U.S.C. § 1346(b). In Arkansas a statute requires that "every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway * * * and shall exercise proper precaution upon observing any child * * *." Ark.Stat.Ann. § 75–628.

Under case law in Arkansas and elsewhere, the presence of children in or near a public thoroughfare where they are plainly visible, requires the driver of a motor vehicle to exercise such care as may be necessary under the circumstances. Coca-Cola Bottling Co. of Black Hills v. Hubbard, 203 F.2d 859, 863 (8th Cir. 1953); Tatum v. Rester, 241 Ark. 1059, 412 S.W.2d 293 (1967); Self v. Kirkpatrick, 194 Ark. 1014, 110 S.W.2d 13, 16 (1937); Morel v. Lee, 182 Ark. 985, 33 S.W.2d 1110, 1112 (1930); McCarthy v. City of St. Paul, 201 Minn. 276, 276 N.W. 1, 2 (1937); Boyd v. Brown, 192 Va. 702, 66 S.E.2d 559, 563 (1951).

But where, as here, the driver has no knowledge or reason to anticipate the presence of a child in a dangerous position near his vehicle, he cannot be held negligent merely because he starts his vehicle and thereby injures the child. Lowe v. Ivy, 204 Ark. 623, 164 S.W.2d 429 (1942); Morel v. Lee, supra; Walker v. Bullard, 317 Mass. 288, 57 N.E.2d 917 (1944); Larson v. Loucks, 69 S.D. 60, 6 N.W.2d 436, 437–38 (1943); Rose v. Nevitt, 56 Wash.2d 882, 355 P.2d 776, 778 (1960); LaMoreaux v. Fosket, 45 Wash.2d 249, 273 P.2d 795 (1954); 4 Blashfield, Automobile Law & Practice, § 151.19, at 216 (3d ed 1965).

As a corollary to the foregoing it is a firmly established principle that absent knowledge the driver is not required to make a search for children who may be under, alongside, in front or in the rear of the vehicle. Sams v. Pacific Indem. Co., 170 F.Supp. 909, 916 (W.D.Ark.1959), where, in denying recovery on stronger facts, the district court, in applying Arkansas law, held that the school bus driver came under a duty to exercise due care and proper precaution for the safety of the injured child only upon actually observing the child in his place of danger. Accord, Williams v. Cohn, 201 Iowa 1121, 206 N.W. 823, 825 (1926); Comer v. Traveler's Ins. Co., 213 La. 176, 34 So.2d 511 (1948); O'Reilly v. Sherman, 298 Mass. 571, 11 N.E.2d 446 (1937); Larson v. Loucks, supra; Dallas v. Diegal, 184 Md. 372, 41 A.2d 161 (1945); McLeland v. Miller, 386 P.2d 181 (Okl.1963).

The undisputed evidence bearing upon the liability of the Government points up the error of the court in finding that Timothy's fatal injury was the proximate result of Kuykendall's negligence. The last person who saw Timothy before the tragic accident was his mother. She left him at the slide, approximately 40 feet from the mailbox, and apparently assumed that he would remain there. Although no one observed him, it is evident that he toddled after his mother. His movements after he arrived in the immediate vicinity of the truck were not seen or witnessed by anyone.

Aside from the ultimate fact that the left rear wheel crushed Timothy's head, the record is completely silent as to Timothy's position immediately before the truck started forward. Notwithstanding the dearth of evidence as to this crucial phase of the case, the court found that if Kuykendall had looked into his rear view mirrors he would have seen Timothy, and that his failure to look constituted actionable negligence. This conclusion was premised on a finding that Timothy had gone behind the truck and had moved to a dangerous position near the left rear side of the truck so that he was plainly visible through the left rear view mirror. But, as stated, there is no evidence of the direction or the manner in which Timothy moved after arriving in the vicinity of the truck to bring himself into the perilous position which he occupied before the vehicle started forward. It is common knowledge that the movements of a child hardly 11 months old are unpredictable. We believe it may logically be assumed that Timothy crawled under the vehicle and was in a prone position between the left front and left rear wheels, or may have gone around the front end of the truck to a place near the left side of the front bumper or near the front wheel.

The court's positioning of Timothy behind the rear view mirror is further weakened by evidence that Timothy was found after the accident 8 feet from the south side of the road and 9 feet north of the maibox. This is a strong indication that Timothy was in front or near the left side of the front part of the truck. This assumption, however, does not aid appellee, for there is no evidence that in that position Timothy could have been seen by Kuykendall before he started his truck. All of this points up that the child's position can be determined only by resort to conjecture and speculation.

We have studiously analyzed the evidence and are convinced that there is no evidence to support a finding that Timothy's unquestionable perilous position could have been detected by any reasonable, prudent driver exercising care commensurate with the circumstances. We are satisfied that this unfortunate tragedy was an unavoidable accident for which the Government is in no way to blame.

Appellee cites no cases from Arkansas or elsewhere to sustain the trial court's finding. He relies upon the undisputed principle that the trial court's findings are presumptively correct and should not be set aside unless clearly erroneous. Here, if ever, there is no basis in fact

for the court's findings. They are indeed clearly erroneous and must be set aside.

The judgment is vacated and the cause is remanded. Inasmuch as there is no indication or claim that there is evidence available which would aid appellee in establishing liability, the district court is directed to dismiss the case.