Judith Ann **HETTICH'S** Adm'r (Maurice E. Hettich), Appellant,

v.

**MELLWOOD DAIRY,** Inc., et al., Appellees.

Court of Appeals of Kentucky.

April 29, 1955.

Allen Schmitt, M. Joseph Schmitt, Louisville, for appellant.

Middleton, Seelbach, Wolford, Willis & Cochran, Eugene B. Cochran, Lawrence S. Leopold, Louisville, for appellees.

STANLEY, Commissioner.

The appeal is from a judgment for the defendants in an action for damages for the death of a 21 months old child, Judith Ann Hettich, alleged to have been caused by being struck by a large milk truck backing in the avenue of the child's home near O'Bannon Station in Jefferson County.

A driveway from the highway terminated in a circle at the side of the house and yard. About half past seven o'clock in the morning of May 21, 1952, the truck of the defendant, Mellwood Dairy, driven by its co-defendant, Charles A. Bromley, in accordance with a custom of several years, was stopped in the circle close to a gap in a picket fence separating the driveway from the yard. Bromley delivered milk in the kitchen and returned to his truck. Only he and Jerry Hettich, a 4 or 5 year old brother of the little girl, were eyewitnesses as to what then occurred. The child's testimony, given about two years afterward, is, as should be expected, of little probative value. He added to his testimony given on the first trial that he and his baby sister were playing in the grass. The mother of the children testified that when she ran to them, Jerry said, "Charlie has hit our baby", and Bromley replied, "I am afraid I backed into her, but I thought it was Jerry." He testified that Jerry followed him out of the house to the truck and asked him for a chocolate milk, but he had none for him that morning. He told the child to get out of the way, and he did so. He then started his truck, and when he got to the other side of the circle he saw Jerry leaning over his little sister. He stopped and went to see what was the trouble. It appears that neither Bromley nor the child's mother thought she was hurt in any way except possibly from having fallen. After Bromley had gone on his way, believing the little girl was only superficially hurt, the child was taken to a doctor's office, but was dead on arrival. Only a bruise spot was found on her head. The doctor expressed the opinion from a "diagnosis of exclusion rather than of actual fact" that the child had suffered a fractured skull. There were no crushed or broken bones or indication that she was run over, or otherwise as to how she received the injury. The child's father testified that at the funeral home two days later Bromley told him he had stopped his truck too close to the fence to move forward and had backed it away and struck the little girl in the driveway or on the grass; that he had not looked behind the truck before backing it and had paid no attention to what he was doing. Bromley denied having made either the statement to the mother at the time of the accident or to the father on this occasion. He testified he had said to the mother that he didn't know the child was around and had not struck her "that I know of." His testimony was to the same effect. He was positive neither of the children was in the yard when he arrived and only Jerry had followed him out of the house to the truck. He told a straight-forward story of the circumstances and insisted he had no idea as to how the accident occurred. A neighbor testified the child's mother had said that Bromley was not at fault; that she thought the little girl was in bed, but she had got up and gone out in her pajamas; and, further, that she thought the child had only suffered a skinned knee.

On a previous trial before Judge Farnsley, the jury had also found for the defendants, but the verdict was set aside for what the trial court regarded as prejudicial errors. The present trial was before Judge Grauman. The appellees argue that the first judgment should not have been set

aside and should be reinstated, but we do not reach the question in view of our decision as to the present judgment.

■ We think it apparent from the statement of facts that there is no merit in the appellant's claim that he was entitled to a directed verdict under the res ipsa loquitur rule. The inference of negligence that may arise when the rule is appropriately applied passes out of a case when it is rebutted by evidence, either direct or circumstantial. This is elementary. In the present case there was rebuttal evidence which tended to show that the accident and resultant injury may have happened without negligence of the truck driver. The movement or action of the deceased child was at least a contributing factor, although, of course, not regarded as contributory negligence that could absolve the driver of any liability for his own negligence. The facts in Larson v. Loucks, 69 S.D. 60, 6 N.W.2d 436, 438, are much like these. Judgment on a directed verdict for the defendant was affirmed. In holding inapplicable the rule of res ipsa loquitur, upon authority of several textbooks and cases, the court said:

"It cannot be said that this injury would not have occurred in the ordinary course of events but for respondent's negligence. It is fully as reasonable to assume that the child was under the car, on the running board on the far side or immediately in front of the automobile in a position where respondent could neither see him as he approached the car from the farm house nor as he sat in the driver's seat."

In any event, in the present case the plaintiff received the benefit of the rule in having the case submitted to the jury.

■■ Nor is there any merit in the argument that the verdict is against the weight of the evidence, which, under the prevailing practice, must be regarded as an argument that the plaintiff should have had a directed verdict, irrespective of res ipsa loquitur. The plaintiff's evidence is barely, if at all, sufficient in itself to support a finding of negligence of the driver. There is no evidence that he discovered or by ordinary care could have discovered the child behind the truck. The weakness of the proof is greater as against the driver's employer for, as the court properly admonished the jury, Bromley's culpable statement to the child's father at the funeral home could not be considered as evidence against his employer. That the truck did strike the child is established by the character of the accident and strong circumstances, but the inference of negligence is weak. As in the South Dakota case of Larson v. Loucks, cited above, so in Nugent v. Northcutt, Tex. Civ.App., 256 S.W.2d 973, where a child was killed by a large milk truck, just like that involved in the present case, as shown by a photograph reproduced in the opinion, the evidence was held insufficient to raise an issue of negligence of the driver and of proximate cause.

■ The contention of prejudicial error in respect to the failure to exclude three statements apparently casually made in otherwise proper answers of witnesses does not merit recitation, although each trivial item has been fully considered.

The instruction stated the duties of the defendant driver of the truck on the occasion to be:

"(a) To exercise ordinary care to so operate said truck as not to cause it to come into collision with children of tender years who might be playing about the truck or in close proximity of said truck;

"(b) To have said truck under reasonable control;

"(c) To keep a lookout for children of tender years so near to said truck as to be in danger of collision;

"(d) If you believe from the evidence that the defendant, Bromley, did back said truck, and that as said Bromley started to back the truck (if he did so back it) he saw, or by the exercise of ordinary care he could have seen the decedent, Judith Ann Hettich, and if you further believe from the evidence that said decedent was in such

position relative to the path of said truck as it backed (if it did so back) that the defendant, Bromley, the operator of the truck, in the exercise of ordinary care, should have anticipated that the decedent would get in the path of the truck or so near thereto as to be in danger of being struck by the truck, then it was his further duty in the exercise of ordinary care to have anticipated that the child would get in the path of the truck or in a position of danger of being struck by it, and to operate said truck so as to avoid striking Judith Ann Hettich."

The instruction then predicated the liability on a failure of the driver to "perform any one or more of the duties required of him" and proximate cause.

The appellant contends this instruction is erroneous because (1) it omitted the duty of sounding the horn, and (2) plaintiff's right of recovery was made dependent solely on the backing of the truck although the defendant testified he only moved forward.

We think the instruction was correct.

(1) The specific duty of sounding a horn or other device is imposed by KRS 189.080 "whenever necessary as a warning of the approach" of a car to other vehicles or to pedestrians. In the absence of evidence or circumstances that indicated the presence, or possible presence, of the child by or behind the truck, the observance of such requirement could hardly be regarded as a specific duty. It is doubtful if sounding the horn would have done any good so far as this young child was concerned. Such was the observation of the Texas court in Pritchard v. Henry, Tex.Civ.App., 200 S.W.2d 651, in relation to a thirteen months old child run over by an automobile backing in a driveway.

(2) Plaintiff's cause of action was rested throughout on the theory and claim that the child was struck when the truck backed away from the fence before going forward. And, as pointed out, there is no evidence of the driver's knowledge of the little girl being anywhere around or of any circumstance indicating that she was struck by a forward movement of the car. It is to be observed that paragraphs (a) and (c) of the instruction are broad enough to cover any movement of the truck. The plaintiff requested an instruction defining the duties of the driver to keep a lookout for persons in the rear before backing up the truck and to give any such persons in the rear warning of its movement. It is a universal rule that a party is estopped from complaining of an error in instructions which he invited, whether it be in the exact or substantially the same language or to the same effect as that given by the court. The authorities are cited in Instructions to Juries, Stanley, Sec. 38.

Instruction No. 2 is as follows:

"By the term 'ordinary care', as used in these instructions, as applied to the defendant Bromley, the driver of the truck of the Mellwood Dairy, is meant that degree of care usually exercised by ordinarily careful and prudent drivers of trucks like or similar to that shown by the evidence to avoid injury to a child the size and apparent age of plaintiff's decedent, under circumstances like or similar to those shown by the evidence in this case. 'Negligence' is the failure to exercise ordinary care."

The appellant argues that he was prejudiced by the court not defining ordinary care in the general form of being that "degree of care usually exercised by an ordinarily careful and prudent person." "Ordinary care" is essentially a relative term to be judged by the exigencies of the occasion or the surrounding facts and circumstances or, specifically, the character of the vehicle involved. Fullenwider v. Brawner, 224 Ky. 274, 6 S.W.2d 264; Trainor's Adm'r v. Keller, 257 Ky. 840, 79 S.W.2d 232. It seems to us that the qualification of the type of vehicle was not only proper but advantageous to the plaintiff. The truck was a large box car vehicle about 18 feet long and 6½ feet wide. It was impossible for the driver to have seen a child or anyone else immediately behind it either through two small windows in the back or in the side-view-mirror at the cab. Not to have thus qualified the instruction

would have permitted the jury to believe that the standard of care which should have been exercised was the same as that to be observed, for example, by the driver of a small, open pickup truck.

We find no error in the trial.

Judgment affirmed.